I concur only in the result because I cannot agree with that portion of the plurality's opinion that would adopt a national standard of care to apply to the operation of hospitals in Alabama. I still adhere to the views I expressed in Zills v.Brown, 382 So.2d 528, 534 (Ala. 1980), and Drs. Lane, Bryant,Eubanks Dulaney v. Otts, 412 So.2d 254, 262 (Ala. 1982). The opinions of the plurality in Zills and the majority in Drs.Lane, Bryant, Eubanks Dulaney, equate "same general neighborhood" with "national medical neighborhood." That holding is clearly contrary to the usual and customary meaning of "same general neighborhood," as well as the interpretation given that phrase by the courts of Alabama previously, by the federal courts applying Alabama law, and by the Legislature when it approved Code 1975, § 6-5-484.
The plurality in the present case would extend the questionable holding in Drs. Lane, Bryant, Eubanks Dulaney to provide that the phrase "`that degree of care, skill and diligence used by hospitals generally in the community' refers to the national hospital community." Such a decision would again ignore a clear legislative intent and would overrule Alabama cases that have adopted and followed the locality rule. I concur in the reversal of the summary judgment, but only because the evidence offered in support of and in opposition to the summary judgment showed a genuine issue of material fact present in the case.
MADDOX, J., concurs.